FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★          ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHUNG WAI HUNG,

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------X

02 CV 6795 (SJ)

**MEMORANDUM AND ORDER**

APPEARANCES

CHUNG WAI HUNG
258 Boul. Perras #306
Greenfield Park, Quebec
Canada
J4V 1T4
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By:   Jennifer Ellen Schantz, Esq.
Attorney for the United States

JOHNSON, Senior District Judge:

      Chung Wai Hung ("Petitioner"), proceeding *pro se*, brings this action for return of property seized incident to his arrest on December 21, 1997. Specifically, Petitioner requests the return of his original Chinese Passport and Canadian Resident document. Because a disposition was reached in the underlying criminal case before Petitioner filed his motion, the Court construes Petitioner's motion as a

1

new civil action.[1] Respondent moves for dismissal of the action pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, Respondent's motion for summary judgment is granted and this action is dismissed with prejudice.

## BACKGROUND[2]

On December 21, 1997, Petitioner was arrested for narcotics trafficking in Vermont after he crossed the Canadian border. Shortly thereafter, Petitioner was transported to this district for prosecution. On September 18, 1998, Petitioner pleaded guilty to Count One of the superseding indictment, which charged conspiracy to import heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On March 31, 2000, Petitioner was sentenced to 120 months imprisonment, five years supervised release, and a $100 special assessment. Petitioner was released from the custody of the Bureau of Prisons on November 15, 2006. Petitioner states that following the completion of his sentence, on November 30, 2006 the United States

---

[1] See Boero v. Drug Enforcement Admin., 111 F.3d 301, 303 n.1 (2d Cir.1997) (construing movant's submission as a civil claim where criminal proceedings were no longer pending against movant); Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir.1992) ("[w]here criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint"); Mora v. United States, 955 F.2d 156, 158 (2d Cir.1992) ("where no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is 'treated as [a] civil equitable proceeding" ') (citations omitted).

[2] The facts are taken from Petitioner's motion, Respondent's Rule 56.1 Statement, the Declarations of AUSA Jennifer Schantz and FBI Special Agent John Hui in Support of Respondent's Motion, and Petitioner's letter filed May 30, 2007.

2

Border Patrol transferred him to the custody of the Canada Border Services Agency. (Docket Entry 16, Pet.'s Letter, at 2.) Following a December 12, 2006 detention hearing, the Immigration Division of the Immigration and Refugee Board ordered Petitioner released from detention subject to conditions. (Id.) Petitioner now resides freely in Quebec, Canada. (Id.)

At the time of Petitioner's December 21, 1997 arrest, the Immigration and Naturalization Service seized, among other things, Petitioner's Chinese passport, and turned it over to the FBI. The passport expired on December 31, 1999. On August 17, 2000, Petitioner's attorney forwarded him a copy of his Chinese passport, which she received from the FBI. Petitioner's attorney also informed Petitioner that the FBI confirmed that it no longer possessed his original passport.

On December 19, 2002, Petitioner filed the instant motion for return of his Chinese passport, as well as his Canadian Resident document.[3] The government moved for dismissal or, in the alternative, summary judgment, on March 28, 2003, arguing that it no longer has Petitioner's passport and there is no indication that it ever seized Petitioner's Canadian Resident document. Petitioner filed a memorandum in opposition on April 22, 2003. Following a lengthy period of inaction in this case, on May 3, 2007 this Court ordered Petitioner to show cause why his petition should not be dismissed for failure to prosecute. Petitioner

---

[3] Petitioner and Respondent alternatively refer to this document as a "Resident document" or "immigration documents." For the purpose of this motion, the Court will refer to the document as a "Resident document."

3

responded on May 30, 2007, indicating that he still sought return of his property, and Respondent replied on June 15, 2007.

## STANDARD OF REVIEW[4]

Rule 12(b) of the Federal Rules of Civil Procedure provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Furthermore, Local Civil Rule 56.2 requires that *pro se* litigants be served with notice regarding opposing a summary judgment motion. Respondent provided Petitioner with the requisite Rule 56.2 notice herein. Therefore, the instant motion will be treated as a motion for summary judgment.

A moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The burden is on

---

[4] Petitioner's *pro se* status entitles his submissions to be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). A court should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994).

4

P-049

the movant to establish the absence of any genuine issue of material fact. See Celotex Corp., 477 U.S. at 323; see also Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir.1995). It is clear that "[i]n moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga, 51 F.3d at 18; see also Celotex Corp., 477 U.S. at 324.

The Court's responsibility in assessing the merits of a summary judgment motion is not to try the issues of fact, but rather to "determine whether there *are* issues of fact to be tried." Sutera v. Schering Corp., 73 F.3d 13, 16 (2d Cir.1995) (quoting Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 244 (2d Cir.1984)) (emphasis in original). The Court must draw all reasonable inferences and resolve all ambiguities in the nonmoving party's favor, and construe the facts in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Sutera, 73 F.3d at 16.

## DISCUSSION

It is well settled that the district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. See Rufu v. United States, 20 F.3d 63, 65 (2d Cir.1994) (citations omitted). Such a motion pursuant to Fed. R. Civ. Pro. 41(g) is treated as a claim

for civil equitable relief. See Boero v. DEA, 111 F.3d 301, 303 (2d Cir.1997). In cases where the property is still in the government's possession, the district court may order the return of the property to its rightful owner.

However, in a situation where property has been lost, destroyed or otherwise not available for return, "equitable jurisdiction does not permit courts to order the United States to pay money damages ..." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir.2004). The federal government is protected from paying such monetary awards by the doctrine of sovereign immunity. See id. Therefore, where a petitioner seeks return of property that has become unavailable due to loss or destruction of the property, and the United States has not waived its sovereign immunity against such claims, the claim for return of property must be dismissed. See, e.g., Rosario v. United States, No. 04 CV 910, 2006 WL 721360, at *3 (E.D.N.Y. March 20, 2006); Mendez v. United States, No. 05 CV 1486, 2005 WL 2175903, at *2 (E.D.N.Y. September 8, 2005).

In this case, Petitioner seeks the return of his expired Chinese passport, and a Canadian Resident document he claims was seized from him at the time of his December 21, 1997 arrest. However, Respondent has submitted a sworn declaration from FBI Special Agent John Hui asserting that is cannot locate Petitioner's passport, and that it has no documents indicating that the government ever seized a Canadian Resident document from Petitioner. (Hui Decl. at ¶¶ 4-5.) Under Adeleke and its progeny, because the Government has lost Petitioner's

6

property but has not waived its immunity from suit, this Court must dismiss Petitioner's claim.

Even assuming Petitioner was entitled to receive money damages as a result of Respondent's loss of his property, the value of the property at issue here is negligible. Petitioner seeks only the return of an expired passport and a Canadian Resident document. Unlike luggage or currency, the materials that are the subject of Petitioner's motion have no resale or trade value. Furthermore, Petitioner completed his sentence, was deported to Canada, underwent reprocessing by the Canadian Immigration and Refugee Board, and is now residing freely in Quebec. Therefore, any practical value of Petitioner's expired passport and Canadian Resident document is also negligible.

## CONCLUSION

For the reasons above-mentioned reasons, Respondent's motion for summary judgment is granted and this action is dismissed with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

/s/(SJ)

Dated: July 3, 2007
Brooklyn, NY

Senior United States District Judge

7

P-049